IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:22-CV-00061-KDB

| | |
|---|---|
| DAVID PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff David Pearson's Motion for Summary Judgment (Doc. No. 10) and Defendant's Motion for Summary Judgment (Doc. No. 13). Mr. Pearson, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

I. BACKGROUND

On February 27, 2018, Plaintiff applied for disability insurance benefits under Titles II and XVI of the Social Security Act, alleging that he had been disabled since May 15, 2017. (Tr. 20). Plaintiff's application was denied on its first review and upon reconsideration. (Tr. 158-62, 164-72). After conducting a hearing, Administrative Law Judge John A. Pottinger (ALJ) denied

1

Plaintiff's application in a decision dated July 15, 2021. (Tr. 29). The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the Commissioner. (Tr. 4-9). Mr. Pearson, through counsel, has timely requested judicial review under 42 U.S.C § 405(g).

## II.  THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Mr. Pearson was disabled under the law during the relevant period.[1] At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571, et seq., and 416.971, et seq); at step two that he had the following severe impairments: remote left leg below knee amputation and congenital finger deformity (20 CFR 404.1520(c) and 416.920(c)). (Tr. 21). At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at 22.

Before proceeding to step four, the ALJ determined that Mr. Pearson had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except push and or pull are limited in the right upper extremity and left lower extremity to occasional. The claimant can climb ramps or stairs occasionally, but never climb

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

2

> ladders, ropes, or scaffolds. The claimant can balance, stoop, kneel, crouch, and crawl occasionally. The claimant can handle and finger occasionally with the non-dominant right upper extremity. The claimant can have no exposure to unprotected heights, moving mechanical parts or other workplace hazards.

(Tr. 23). At step four, the ALJ found that Plaintiff could not perform his past relevant work as an Inspector Hand Packager (DOT Code 559.687-074), light with an SVP of 2 and Yard Worker (DOT Code 301.687-018), heavy with an SVP of 2 as required by SSR 82-62.

At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. (Tr. 27). These jobs include: (1) Marker (DOT Code 209.587-034), light with an SVP of 2; (2) Flagger (DOT Code 372.667-022), light with an SVP of 2; and (3) Mail Clerk (DOT Code 209.687-026), light with an SVP of 2. (Tr.28). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from May 15, 2017, through the date of his decision. (Tr. 28).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" as follows:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). Yet in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff's sole argument in his Motion is that the ALJ erred by failing to perform a proper function-by-function evaluation of his ability to stand and walk when formulating the RFC. Specifically, Plaintiff contends that the ALJ did not offer a supportable explanation as to why he was not limited as to the contested functions of standing and walking. However, after a careful review of the record, the Court finds that the ALJ's decision is supported by substantial evidence and was reasonably explained.

4

Plaintiff presented persuasive evidence that prior to obtaining his new prosthesis he had blistering "on his left limb stump after prolonged standing" and "faint" bruising (ecchymosis), superficial reddening (erythema), and calluses on his left leg. (Tr. 23-25). Yet, as noted by the ALJ, the record reflects that these symptoms were no longer present after Plaintiff obtained his new prosthesis. Plaintiff had no significant "skin abnormalities," a "normal tandem gait," and full strength in his right leg. (Tr. 25 (citing Tr. 571-74, 629)). The State agency medical consultants opined that Plaintiff retained the capacity for a range of work at the light exertional level. (Tr. 26). Dr. Pyle and Dr. Levin both found that Plaintiff could stand or walk for about 6 hours in an 8-hour workday after he obtained his new prosthesis. (Tr. 96, 111, 131, 149). While Dr. Brian Antono and Dr. Brendan Black found that Plaintiff had "moderate" limitations with standing and walking, the ALJ determined that these assessments were not "vocationally specific" and consequently of "limited probative value." (Tr. 26). Consequently, after considering and discussing these medical opinions, the ALJ found that Plaintiff failed to produce a medical opinion stating that he could not stand or walk for about six hours in an eight-hour workday with an appropriate prosthesis. Accordingly, the ALJ concluded that the evidence "indicate[d] that Plaintiff remains able to perform the standing and walking requirements of the light exertional level." *Id* at 25.

As noted above, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c). The task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but rather only whether there is substantial evidence to support the ALJ's ruling. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

Signed: November 18, 2022

Kenneth D. Bell
United States District Judge